IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-54-D |
| | § | |
| PATRICIA FLOWERS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE TO DISMISS THE COMPLAINT**

This is a civil rights action brought pursuant to 42 U.S.C. section 1983 by plaintiff KEVIN JOHNSON ("Johnson"), who was at the time of filing a Texas inmate appearing *pro se*, against employees of the Texas Department of Criminal Justice ("TDCJ") Clements Unit. Johnson filed an application to proceed *in forma pauperis* ("i.f.p."). Originally, the Court issued a Notice of Deficiency, as Johnson failed to utilize proper forms and failed to submit his Data Sheet to determine indigency. Johnson requested more time to comply with the deficiency notice after he was moved to Florida to serve the remainder of his sentence. However, the Court has now determined that Johnson has accrued three-strikes under the Prison Litigation Reform Act ("PLRA") and is barred from proceeding as a pauper, absent imminent danger. To the extent Johnson requests to proceed pursuant to the "imminent danger" exception contained in 28 U.S.C. section 1915(g), he has not shown he qualifies to proceed under this exception. The Court limits its analysis to Johnson's claims to determine if Johnson "is under imminent danger of serious physical injury" *at the time* his lawsuit was filed. 28 U.S.C. § 1915(g); *see also Choyce v.*

*Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (determination of "imminent danger" must be made as of date complaint is filed).

## I.
## PLAINTIFF'S ALLEGATIONS

In support of his complaint, Johnson presents the following allegations:

1. Johnson describes himself as a "widely published writer and artist" who publishes articles about abusive prison conditions, and Johnson claims he exposed prison guards at the Clements Unit of TDCJ for their involvement in the deaths of two inmates in late 2016;

2. Johnson claims he has generally experienced retaliation for his published statements and his cooperation in the investigation, beginning in December of 2016, including instances where his right to freedom of speech was restricted, his property was wrongfully seized, he received false disciplinary cases, and excessive force through gassing was used on his person in violation of the Eighth Amendment;

3. on December 21, 2016, Johnson claims TDCJ employees Patricia Flowers and Crystal Turner (defendants) conducted a search of his cell, he was held for an hour in another cell by defendant Leonard and his property was seized in retaliation for his free speech;

4. at the time of the cell search, Johnson claims defendant Waak used chemical agents on his person upon his return to the cell; following the cell search, Johnson claims he received a false disciplinary infraction from defendant Carrillo, also in retaliation; Johnson claims he was not decontaminated of the gas by any officer;

5. Johnson claims defendant Cano overheard defendant Flowers threaten to retaliate against him prior to the above incident on December 21, 2016 and did nothing; and

6. Johnson claims he will experience future retaliation like above if protective action is not taken.

## II.
## SCREENING

The Prison Litigation Reform Act ("PLRA"), enacted into law on April 26, 1996, amended 28 U.S.C. section 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. section 1915(g), also

known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action i.f.p. if on three or more prior occasions, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding i.f.p. if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Johnson has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as discussed in the findings below; thus, he is barred from proceeding i.f.p. as he requests.

The only exception to the "three-strike" bar is when the prisoner is under imminent danger of serious physical injury, and although Johnson does not specifically argue this exception applies to his case, the Court will consider whether his claims fall within that exception. To meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL

4710808 at *1 (N.D.Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id*. "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id*. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to 1915(g)." *Id*. (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013 (citing *Emmett v. Julye*, No. H-13-2693, 2013 SL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 Fed.Appx. 352, 354 (5th Cir. 2014) (per curiam).

By his complaint, Johnson alleges a specific incident and its aftermath, which he claims were the result of retaliation for his cooperation in the investigation of the death of another inmate. The pepper-spray incident Johnson alleged happened in December of 2016 does not meet the exception for imminent danger. "Allegations of past harm do not suffice to demonstrate imminent danger; rather, the harm must be imminent or occurring at the time the complaint is filed, and the exception refers to a genuine emergency where time is pressing." *Murphy v. Massenburge*, No. 6:16-CV-1006, 2017 WL 82550, at *1-2 (E.D. Tex. Jan. 9, 2017) (citing *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (allegations of having been sprayed with pepper spray, combined with a

claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliations" fail to sufficiently allege imminent danger)). Johnson has not alleged a serious physical injury is imminent. Further, this Court notes that Johnson was immediately transferred out of Texas to serve the remainder of his sentence.

### III.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Johnson has been acknowledged by several courts as barred under the three strikes provision of the PLRA:

   a. The Court of Appeals for the Fourth Circuit, referring to Johnson in 2006, stated "it is *undisputed* that Johnson had the requisite three dismissals required by § 1915(g)" *See Johnson v. Warner, et al.*, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (unpublished);

   b. In the United States District Court for the Southern District of Houston, Cause no. 4:13-CV-3406, the District Court recognized that Johnson's prolific filings in the state of Virginia, where he was previously incarcerated, led to a three-strike bar many years before he was transferred to Texas;

   c. A small listing of Johnson's prior strikes include the following cases out of the United States District Court for the Western District of Virginia: Civil Action No. 7:00cv00352, Civil Action No. 96-1178-AM, Civil Action No. 98-466AM, and 7:00cv00762.

2. Based on the dismissals identified above, Johnson is barred by the "three-strike" provision of 28 U.S.C. section 1915(g).

3. Johnson has not directly argued that he is in imminent danger. The Court finds the allegations in Johnson's complaint do not meet the exception contained in 28 U.S.C. section 1915(g). Johnson's allegations of retaliation are conclusory. Johnson has not established that any danger he faces is "real and proximate."

4. General allegations of conspiracy or retaliation on the part of TDCJ officials will not support a finding of "imminent danger." To allow a prisoner to argue such allegations and meet the exception would act to nullify the three strikes statute. *Murphy*, 2017 WL 82550 at *2-3. "Prisoners cannot exempt themselves from the operation of §1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Id*. (citing *Calton v. Wright*, 6:12-CV-3544, 2012 WL 3135682 at *1 (E.D. Tex. June 29, 2012).

IV.
RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint filed by plaintiff KEVIN JOHNSON be DISMISSED as barred by the three strikes provision of 28 U.S.C. section 1915(g). This dismissal should be without prejudice to plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 15, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\*NOTICE OF RIGHT TO OBJECT\***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).